```
         IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF KANSAS


JAMES NEAL WILLIAMS,

               Plaintiff,
                                      CIVIL ACTION
     vs.                              No. 05-3231-SAC

CHARLES SIMMONS, et al.,


               Defendants.
```

ORDER

By its order of June 10, 2005 (Doc. 4), the court entered an order directing plaintiff to supplement the record with financial records and proof of his exhaustion of the administrative grievance procedure. Plaintiff filed a timely response (Doc. 5). The court has examined the record and enters the following findings and order.

The Prison Litigation Reform Act of 1996, amended 42 U.S.C. 1997e(a) to provide that "[N]o action shall be brought with respect to prison conditions under ... any ... Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." This requirement applies to all

claims presented in a prisoner's complaint, and "the presence of unexhausted claims in [a prisoner's] complaint require[s] the district court to dismiss his action in its entirety without prejudice." Ross v. County of Bernalillo, 365 F.3d 1181, 1189 (10th Cir. 2004).

The complaint alleges plaintiff's rights under the Eighth Amendment were violated by:

(1) "being denied proper health care and consumable food", including a diet with "no processed meats and onions", a failure to properly train staff members; and deliberate indifference exhibited on April 21, 2005, in the denial of special diet (Doc. 1, p. 3);

(2) Josie Norris, who allegedly abandoned her job duties by failing to review and respond to the petitioner's medical complaints concerning access to a special diet; and by defendants Myers, Lundry, and Nevins, who allegedly acted together and intentionally denied plaintiff a diet pass (Id.); and

(3) being subjected to hunger pains because staff refused to assist plaintiff and ordered him to leave the facility dining room without eating; and by the refusal of defendant Foss to acknowledge plaintiff's serious allergies (Doc. 1, p.

4).

In Kansas, state prisoners have access to a three-tiered formal grievance procedure in which requests are presented to the Unit Team, the principal administrator of the facility, and to the Secretary of the Department of Corrections.  See K.A.R. 44-15-101 - 44-15-106.

The court has examined the grievance materials supplied by the plaintiff and finds that only the claim concerning the failure to provide him a diet without processed meats and onions has been presented through the entire grievance procedure.  The claims concerning a failure to adequately train staff and of deliberate indifference in the denial of a special diet on April 21, 2005, do not appear to have been presented in any grievance; the claims alleging wrongful acts by defendant Norris and by defendants Myers, Lundry, and Nevins, likewise do not appear in any grievance materials presented to the court; and the claim that plaintiff suffered from hunger on April 6, 2005, when he was directed to leave the dining room without eating, does not appear to have been pursued beyond the first tier of review in the grievance procedure.

Because it appears this action includes claims that have

not been exhausted by being presented at every level of administrative review, this matter is subject to dismissal under the rule announced in <u>Ross v. County of Bernalillo</u>. The court grants plaintiff to and including August 19, 2005, to show cause why this matter should not be dismissed without prejudice due to his failure to exhaust all claims presented.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff is granted to and including August 19, 2005, to show cause why this matter should not be dismissed due to his failure to fully exhaust administrative grievances on all claims. The failure to file a timely response may result in the dismissal of this matter without additional notice.

A copy of this order shall be transmitted to the plaintiff.

**IT IS SO ORDERED.**

Dated at Topeka, Kansas, this 3rd day of August, 2005.

S/ Sam A. Crow
SAM A. CROW
United States Senior District Judge